UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **TRANSCONTINENTAL GAS PIPELINE COMPANY, L.L.C.** § § § | |
| **v.** § § | C.A. NO._____ |
| **THE BARNHART FAMILY PARTNERSHIP, LTD.** § § § § | |
| **AND** § § | |
| **A PERMANENT FIFTY-FOOT RIGHT-OF-WAY AND EASEMENT DESCRIBED AS FOLLOWS: AN APPROXIMATELY 2.46 ACRES OF LAND THAT CERTAIN TRACT OF LAND OUT OF THE J.W. SWISHER SURVEY, ABSTRACT 464, IN GOLIAD COUNTY, TEXAS BEING 25 FEET ON EITHER SIDE ALONG THE ROUTE FOR THE CENTER LINE OF THE RIGHT-OF-WAY, TO WIT: BEGINNING AT A POINT ON THE WEST PROPERTY LINE OF SAID PROPERTY WHICH POINT IS APPROXIMATELY 1540 FEET SOUTHERLY ALONG SAID LINE FROM THE NORTHWEST CORNER OF SAID TRACT; THENCE NORTH 62 40' EAST 2145 FEET TO A POINT IN THE NORTH PROPERTY LINE, SAID POINT BEING APPROXIMATELY 1370 FEET EASTERLY ALONG SAID NORTH PROPERTY LINE FROM THE NORTHEAST CORNER OF SAID LANDS.** § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR
CONDEMNATION AND REQUEST FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Transcontinental Gas Pipeline Company, L.L.C. and for its claims would show:

319765
11735.13

1

## I.    PARTIES

1.    Plaintiff Transcontinental Gas Pipeline Company, L.L.C. ("Transco" or "Plaintiff") is a limited liability company duly organized and existing under the law of the State of Delaware with its principal office and place of business at Houston, Texas.

2.    The Barnhart Family Partnership, Ltd. ("TBFP" or "Defendant") is a Texas Family Partnership owning a tract of land in the J.W. Swisher D-10 Abstract 464, being approximately 115.35 acres, located in Goliad County, Texas, (the "Property"). Defendant may be served by service upon the co-manager, Claire Barnhart, of TBFP GP, L.L.C., general partner of Barnhart Family Partnership, Ltd. at 8212 FM 883 Berclair, Texas or by mail to the last known address of Barnhart Family Partnership, Ltd. at P. O. Box 626, Berclair, Texas 78107.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 15 U.S.C. §717f(h).  Transco is in the business of transporting natural gas in interstate commerce for the purpose of supplying the public with natural gas and is therefore a natural gas company as defined in the Natural Gas Act, 15 U.S.C. §§717 et. seq. (the "NGA").  Transco holds a certificate of convenience and necessity from the United States Federal Energy Regulatory Commission ("FERC") to operate a 24-inch interstate pipeline transporting natural gas, which crosses the aforementioned property. See attached **Exhibit "A"** (Affidavit of Steve Vogl).

4.    Venue is proper in this Court because the property which is the subject of this action is located within this District and Division. 15 U.S.C. § 717f(h).

5.    This is an action by Transco, pursuant to the Section 7 of the NGA, 15 U.S.C. §717f(h), for the condemnation of a permanent fifty-foot easement across immovable property owned by Plaintiff in Goliad County, Texas, reserving all minerals to the TBFP, but prohibiting

use of the surface of the Property for exploration and production of minerals.

6. Transco has the right of eminent domain under 15 U.S.C. §717(f)(h) because it is the holder of a FERC Certificate of Public Conveyance and Necessity, and it cannot acquire by contract the right to continue to use the property which it has utilized for the past sixty (60) years for the transportation of natural gas produced in South Texas.

7. This Court has subject matter jurisdiction over this dispute by virtue of the NGA, specifically 15 U.S.C. §717(f)(h) because the amount claimed by TBFP for the property rights sought by Transco exceeds Three Thousand Dollars ($3,000.00). In this case, TBFP has refused to enter into a new permanent easement, at any price.

### III. FACTUAL BACKGROUND

8. Transco operates a 24-inch interstate pipeline transporting natural gas which crosses TBFP's 115.35-acre tract in Goliad County. The 24-inch pipeline, denominated the McMullen Lateral 'A' 24" Pipeline stretches from McMullen County to Wharton County, a distance of 151.7 miles. The gas transported in the McMullen Lateral 'A' Pipeline is processed for removal of $H_2S$ gas and then injected into Transco's Mainline which serves customers on the Eastern Seaboard of the United States, including North Carolina, Virginia, Alabama, Georgia, New York and New Jersey. Transco holds a certificate of convenience and necessity to operate the McMullen Lateral 'A' Pipeline, a portion of which lies within TBFP's property. See Exhibit "A" (FPC Docket No. G 12-059) attached hereto.

9. Transco proposes to use the property for the operation of a 24" pipeline transporting natural gas.

10. The property is described on **Exhibit "B"** attached hereto.

11. Transco seeks to acquire a permanent 50-feet wide easement.

12. The McMullen Lateral 'A' Pipeline has continually been and remains under the regulatory powers first of the Federal Power Commission and now the Federal Energy Regulatory Commission (FERC).

13. In furtherance of the authority granted by FERC, and in order to construct, operate and maintain the McMullen Lateral 'A' Pipeline in a manner conducive to the public interest, convenience and safety, Transco needs to acquire a permanent 50-foot wide easement across TBFP's property upon which the McMullen Lateral 'A' Pipeline crosses. Transco has secured permanent ownership rights in all other property through which the McMullen Lateral 'A' Pipeline passes.

14. TBFP has filed suit against Transco and alleged that it is the owner of the property sought to be condemned. Transco is not aware of any other parties who claim an interest in the property, but reserves the right to amend should it be determined that there are others with claims of ownership to the property.

15. Transco has presented TBFP with a final offer. TBFP chose not to respond to the offer, but instead instituted suit against Transco, which among other relief requested, seeks a permanent injunction to require Transco to remove its 24-inch pipeline where it crosses TBFP's 115.35-acre tract.

16. Even if Transco desired to remove its 24-inch pipeline, it cannot legally do so. U.S.C. §717f(G) prohibits Transco from removing its facilities without approval of the FERC after a finding that the supply of gas was depleted to the extent that continuation of service is unwarranted or that the present or future public convenience or necessity permit abandonment of the pipeline.

## IV.   FERC AUTHORIZATION TO CONSTRUCT, OPERATE AND MAINTAIN THE MCMULLEN LATERAL 'A' PIPELINE

17.   The construction, operation and maintenance of the McMullen Lateral 'A' Pipeline are for a public purpose, and serve the public purpose and necessity.  Under the NGA, FERC is responsible for determining whether any proposed natural gas pipeline projects are in the public convenience.  FERC determines the necessity of a proposed natural gas pipeline and is responsible for authorizing and approving the location, construction and extension of any such pipeline projects and all appurtenant facilities.  Pursuant to an order in 1957, the Federal Power Commission (Predecessor to FERC) granted Transco a certificate of public convenience and necessity for the facilities referred to as the McMullen Lateral 'A' Pipeline.

18.   FERC has found that the McMullen Lateral 'A' Pipeline serves the public purpose and convenience based on the fact that, among others, it is necessary to transport gas produced in South Texas for transportation and supply to the public.  FERC has also found that the McMullen Lateral 'A' Pipeline serves the public purpose based on the fact, among others, that it enables Transco to deliver daily, year-round transportation service of gas from fields in South Texas to Transco's Station 30 Compressor Station in Wharton County then to Transco's Mainline which transports natural gas to the Eastern Seaboard of the United States, including North Carolina, Virginia, Alabama, Georgia, New York and New Jersey.

19.   Transco has been unable to obtain by contract from TBFP the rights necessary to continue operations of the McMullen Lateral 'A' Pipeline, for the reasons set forth in Paragraph 15.

## V.   TRANSCO'S RIGHT OF EMINENT DOMAIN

20.   The McMullen Lateral 'A' Pipeline is located on or across the Property at issue, described as follows:

> An approximately 2.46 acres of land being that certain tract of land out of the J.W. Swisher Survey, Abstract 464, in Goliad County, Texas being 25 feet on either side along the route for the center line of the right-of-way, to wit:
>
>> Beginning at a point on the west property line of said property which point is approximately 1540 feet Southerly along said line from the Northwest corner of said tract;
>>
>> Thence North 62 40' EAST 2145 feet to a point in the North property line, said point being approximately 1370 feet Easterly along said North property line from the Northeast corner of said lands.
>
> The Property is depicted on the map attached hereto as **Exhibit "B"**.

21. The NGA provides Transco, as a holder of a certificate of public convenience and necessity, the right to acquire by eminent domain "the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines . . . ." 15 U.S.C.A. §717f(h).

22. The McMullen Lateral 'A' Pipeline facilities were constructed at great expense and will continue to be used in Transco's operations as a natural gas company for the foreseeable future.

23. Transco is obligated by the provisions of the NGA to continue to operate the McMullen Lateral 'A' Pipeline until it is authorized to abandon those facilities by FERC. 15 U.S.C. §717f(b). See *United Gas Pipeline Co. v. Federal Power Commission*, 385 U.S. 83, 91 (1966); and *Valero Interstate Transmission Co. v. F.E.R.C.*, 804 F.2d 1406, 1407 (5th Cir. 1986). This obligation is not affected by expiration of private agreements. *California v. Southland Royalty Co.*, 436 U.S. 519, 530 (1978). In conjunction with any such abandonment, FERC will attach such terms and conditions to its authorization as it deems warranted by the public

convenience and necessity. 15 U.S.C. §717f(b); 15 U.S.C. §717o; and 18 CFR 380.12.

24. In order to assure the ability to comply with all pertinent regulatory, security, and safety requirements, Transco requires a permanent fifty-foot easement within which to operate the McMullen Lateral 'A' Pipeline which crosses TBFP's property. Transco expressly seeks to condemn such easement, subject to the reservation and prohibition set forth in Paragraph five (5) above.

## VI. REQUEST FOR DECLARATORY JUDGMENT

25. This court has jurisdiction pursuant to 28 USC 1367 over all claims that form a part of the same case or controversy under Article III of the United States Constitution. This court also has jurisdiction of this request for declaratory judgment pursuant to 43 U.S.C.A. § 1349(b), because the shut in of McMullen Lateral 'A' Pipeline would alter the production activities of gas fields in South Texas, which ultimately provide delivery of natural gas to the Eastern Seaboard of the United States. *Amoco Production Co. v. Sea Robin Pipeline Co.,* 844 F.2d 1202, 1210 (5th Cir. 1988). Likewise, the shut in of the McMullen Lateral 'A' Pipeline would impair the flow of natural gas supply to natural gas customers on the Eastern Seaboard of the United States.

26. This Court is granted the authority to declare the rights and other legal relations arising from law or contract pursuant to the provisions of 28 USC 2201.

27. The lease under which Transco constructed McMullen Lateral 'A' Pipeline across TBFP's property expired by its terms on September 27, 2017. Thereafter, Transco continued to operate on a month-to-month basis. Only recently, Landowners have alleged termination of the lease and bad faith trespass. Transco continues to operate the McMullen 'A' Pipeline in good faith pursuant to its FERC certificates.

28. TBFP recently filed their Plaintiff's Original Petition and Application for Permanent Injunction in the matter entitled *The Barnhart Family Partnership, Ltd. v. Transcontinental Gas Pipeline Company, L.L.C.*; Cause No. 18-11-0766-CV in the 267th Judicial District of Goliad County, Texas, in which they allege that Transco is trespassing on the property, seek a permanent injunction to require Transco to remove the pipeline from the property and to restore the property to the condition which it was in at the time the lease was executed. This suit will hereafter be referred to as the State Court Petition.

29. Transco cannot comply with Landowners' restoration demand without abandoning the services which it is legally bound to continue. Restoration would require the removal of the pipeline located on the Property.

30. To the extent the terms of the lease or Texas law obligate Transco to restore the Property prior to the issuance of a certificate of abandonment by FERC, those obligations are pre-empted by federal law. *Kurns v. R.R. Friction Prod. Corp.,* 565 U.S. 625, 630 (2012); and *Medco Energi U.S., L.L.C. v. Sea Robin Pipeline Co.,* 895 F.Supp.2d 794, 810 (W.D. La. 2012), *affd, Medco Energi US, L.L.C. v. Sea Robin Pipeline Co., L.L.C.,* 729 F.3d 394 (5th Cir. 2013).

Transco has continued to occupy the Property without objection from the TBFP since expiration of the Lease until the filing of the State Court Petition which asserts that the Lease has expired and seeks a permanent injunction to require that Transco vacate the premises. Under applicable law, TBFP's damages are limited to damages for inverse condemnation, which are limited to the fair market value of the property to be condemned. Transco seeks a declaratory judgment that it has continued to operate the McMullen "A" Lateral 24" Pipeline in good faith in accordance with the Certificate of Convenience and Necessity issued by the Federal Power Commission and now regulated by the Federal Energy Regulatory Commission, such that it cannot

legally be convicted of trespass or held liable for damages for trespass.

## VII.   RULE 71.1(d) NOTICES

Pursuant to Rule 71.1(d) of the Federal Rules of Civil Procedure, the requisite notice to TBFP is submitted contemporaneously herewith to the Clerk of Court. **WHEREFORE,** Transcontinental Gas Pipeline Company, LLC prays:

(1) that the notice submitted herewith pursuant to Rule 71.1(d) be deemed good and sufficient;

(2) that said notice be served on Counter-Defendants in a manner afforded by Federal Rule of Civil Procedure 71.1(d)(3);

(3) that its right to condemn the property as defined and set forth in this Complaint be recognized and granted;

(4) that this Court thereafter determine the just compensation to be paid by Transcontinental Gas Pipeline Company, LLC for the Property;

(5) for a declaratory judgment finding that Transco is in good faith possession of the Property and is not liable for damages for bad faith trespass; and

(6) for the issuance of all necessary orders and decrees, for an award of in favor of Transcontinental Gas Pipeline Company, LLC, and for all other general, equitable and legal relief allowed by law and which this Court deems appropriate.

## VIII.   PRAYER

Whereof, premises considered, Plaintiff Transcontinental Gas Pipeline Company, L.L.C. prays that the Defendant The Barnhart Family Partnership, Ltd. be cited to appear, and that upon final hearing hereof, the Court determine the just compensation for the taking of the permanent 50-foot wide easement described in **Exhibit "B"**, and that Transco have such other and further relief to which it may be entitled.

Respectfully submitted,

By:  */s/ James F. Buchanan*
    James F. Buchanan
    State Bar No.:  03287500
    Federal ID No.:  0328
    jbuchanan@welderleshin.com
    Marshall Swanson
    State Bar No.:  24098490
    Federal ID No.:  2801123
    mswanson@welderleshin.com

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF TRANSCONTINENTAL GAS PIPELINE COMPANY, L.L.C.**

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas 78401
361-561-8000 – Telephone
361-561-8001 – Facsimile